220 N.J. Super. 273 (1987)
531 A.2d 1090
PAUL DESTEFANO AND STATE OF NEW JERSEY, DEPARTMENT OF COMMUNITY AFFAIRS, PLAINTIFFS,
v.
TOWNSHIP OF WASHINGTON; MAYOR AND COUNCIL FOR THE TOWNSHIP OF WASHINGTON; RICHARD O'DOWD, PLUMBING SUBCODE OFFICIAL, DEFENDANTS.
Superior Court of New Jersey, Law Division Bergen County.
Decided May 18, 1987.
*274 Paul A. Massaro for Plaintiff, Paul DeStefano.
Ellean A. Reichart, Deputy Attorney General, for Intervener, State of New Jersey, Department of Community Affairs (W. Cary Edwards, Attorney General of New Jersey).
Kenneth G. Poller for Defendants, Township of Washington; Mayor and Council of the Township of Washington; Richard O'Dowd, Plumbing Sub-Code Official (Wurtzel & Poller, attorneys).
GAETA, J.S.C.
Plaintiff, Paul DeStefano, brings this action against the defendants, Township of Washington, Mayor and Council of the Township of Washington and Richard O'Dowd, in order to be restored to the Office of Plumbing Sub-Code Official of the Township of Washington, and for back-pay retroactive to the *275 date of his discharge. Through the office of the Attorney General of the State of New Jersey the State Department of Community Affairs has intervened in this action due to the importance of the main issue before this Court.
The defendants contend that the plaintiff was hired as Plumbing Sub-Code Official on a temporary basis which was made known to the plaintiff. Plaintiff was then discharged and the defendant municipality appointed a permanent Plumbing Sub-Code Official. Plaintiff contends that his discharge was improper and he is entitled to be reinstated to the position and awarded back-pay. The other issues to be decided besides whether plaintiffs appointment was permanent or temporary under the applicable Statutes, Code regulations and case law are whether plaintiff is estopped from asserting that this appointment is permanent and whether plaintiff's action is barred by failing to bring the action within the time established by the Rules of Court.
After hearing the testimony and considering the evidence presented at the plenary hearing held before this Court on April 16, 1987, this Court finds as follows:
Plaintiff has since 1977 to date been a State licensed Plumbing Inspector which license is required to be renewed every two years. In or about March of 1984 plaintiff was informed by John Joseph, Sr., who was then the Construction Code Official for the defendant, Township, that the defendant, Township was seeking a Plumbing Sub-Code Official. Joseph testified that he did not know the Township was seeking a temporary replacement for the recently retired Plumbing Sub-Code Official.
On or about April 2, 1984,[1] plaintiff met with and was interviewed for the vacancy by Marc Pfeifer the then Business Administrator of the Defendant Township at which time plaintiff was hired, making his first inspection the very next day. *276 Plaintiff denies that he was informed that his appointment was temporary. The Administrator claims he did so notify plaintiff of the temporary appointment but admitted at trial he is not familiar with the Statute and regulations governing such appointments. By letter dated 5/18/84 (S-1) The Business Administrator notified the State Bureau of Construction Code Enforcement of plaintiff's appointment. The letter did not advise the Bureau that the appointment was temporary. At the time the plaintiff was hired the Administrator completed a personnel action form re: plaintiff (D-1), and did not note thereon that the appointment of plaintiff was temporary. The notation shown on D-1 indicating that plaintiffs appointment was temporary was placed thereon by the Mayor at a later date. It was the intention of the Mayor to appoint a local resident to plaintiff's position as soon as that party became licensed. Whether this was communicated to the Administrator and to the plaintiff is doubted by this Court. The Court is convinced that the intention of the defendant Township to make plaintiff's appointment temporary was not communicated to plaintiff until several months after plaintiff's appointment to the position of Plumbing Sub-Code Official. Any doubt the Plaintiff may have had as to his status was not made absolutely clear to him until he received a letter from the Mayor (P-37) dated December 18, 1984, wherein the Mayor thanked plaintiff for the services rendered by plaintiff as an interim Plumbing Inspector and that as of January 1, 1985 he was being replaced by James Zaconie as the Permanent Plumbing Inspector. Plaintiff immediately answered the Mayor by letter (P-38) asserting that under the State Uniform Construction Code Act (N.J.S.A. 52:27D-126(b)) that his term did not expire until April 1, 1988. Nevertheless plaintiff was removed from office and replaced. Subsequently plaintiff filed the within action on 5/16/84 which defendants contend was beyond the 45 day time limit for bringing such action as per R. 4:69-6(c). R. 4:69-6(c) does require an action such as the one at bar to be filed within 45 days of the accrual of the action; however the Rule states *277 that the time period may be enlarged by the Court "... where it is manifest that the interest of justice so requires."
Judge Pressler in the Commentary to R. 4:69-6(c), citing Schack v. Trimble, 28 N.J. 40 (1958), states that the rule specifically contemplates the enlargement of time for filing an action where an important public issue rather than a private issue is concerned. In the present case, the central issue involves not only the rights of the plaintiff, but also raises an important public issue. This court therefore declares that this action be allowed to proceed as if the time for filing had been enlarged due to the importance of the public issue which is to be discussed hereinafter.
The defendant Township of Washington is a non-civil service municipality. N.J.S.A. 52:27D-126(b) mandates in non-civil municipalities that the appointment of a Sub-Code Official (which includes a Plumbing Sub-Code Official) shall be for a four (4) year term. It is clear that the legislative intent was to ensure the appointment of licensed professional municipal building code officials and to ensure that their tenure in office be free of or influenced by local politics. There are no reported cases which address the issues raised by the facts of this case, to wit: is plaintiff's appointment for four (4) years, despite the defendant's intention to make it temporary, and is plaintiff estopped from asserting the same if in fact he was informed at the inception of his appointment that the same was temporary? Therefore this court must look to the legislative intent and the public policy intended to be advanced by the adoption of the statute.
N.J.S.A. 52:27D-126 is silent as to temporary appointments. As a result N.J.A.C. 5:23-4.4(a)(6) was adopted. Said regulation states:
Acting appointments: A municipality shall appoint an acting construction official or subcode official any time the absence of such official will impede orderly administration of the Uniform Construction Code and other duties mandated by the municipality; but in no event may the time period exceed the statutory period of 20 business days. Acting appointments shall be accomplished *278 by any mechanism acceptable to the municipality providing, however, that a written record of the appointment shall be kept. Notice to the Dept. shall be provided within 7 days any time an appointment is made for more than 60 days nor may they be extended or renewed beyond 60 days unless specific authority to do so is granted in writing by the department.
In the present case it is without doubt that the defendant municipality failed to follow the procedures mandated to make a temporary appointment. This failure to so act by the municipality i.e. to make a proper temporary appointment as per N.J.A.C. 5:23-4(a)(6) resulted in plaintiff's appointment becoming one of tenure pursuant to N.J.S.A. 52:27D-126(b) to wit: for four years i.e. from April 2, 1984 and to April 1, 1988. This is true even if one were to believe that plaintiff knew the appointment was to be of a temporary nature. Plaintiff is not estopped (because of such knowledge) from asserting a permanent appointment. For this court to hold otherwise would in effect give and allow the defendant municipality (and other non-civil service municipalites) a means to circumvent the mandates of N.J.S.A. 52:27D-126(b) & N.J.A.C. 5:23-4(a)(6) and evade the public policy consideration discussed above i.e. to professionalize municipal building code officials and remove the possibility of political influence on their performance in their mandated duties under applicable Federal, State, County & Municipal Statutes, Codes, Regulations & Ordinances. The above cited statute places the general administrator and supervisor of the Code Enforcement under the auspices of the State Dept of Community Affairs. The regulation ensures uniform regulation of the application of the code throughout the State.
If this Court were to hold for the defendants a municipality could make a "temporary" appointment, have the appointee clearly acknowledge the same, fail to notify the Division of Community Affairs as required by N.J.A.C. 5:23-4.4(a)(6), and then raise the question of estopple when it wishes to remove a "temporary" appointee when it becomes expedient for political reasons or when a difference in philosophy arises between the appointee and the town fathers.
*279 It is also clear from a reading of the Statutes that a permanent appointee can only be removed for cause after a due process hearing. In the present case there were no allegations of wrongdoing by the plaintiff during his 9 months of service to the defendant municipality.
It is reiterated that the defendant municipality did not follow the procedures for making a temporary appointment and thus plaintiff is entitled to a 4 year term; instead plaintiff was wrongly removed from office and is entitled to be reinstated. Plaintiff having been wrongly removed from office and plaintiff being entitled to office, any subsequent appointments are thus null and void.
It is also clear that the plaintiff, having been wrongly removed from his office is entitled to damages in the form of both pay retroactive to the date of his discharge together with all benefits an appointee under N.J.S.A. 52:27D-126 would be entitled. Eaddy v. Dept. of Transp. 208 N.J. Super. 156, 162 (App.Div., 1986)
Based on the foregoing it is ordered that:
1. Plaintiff is hereby reinstated as Plumbing Sub-Code Official of the Township of Washington whose term shall expire on April 1, 1988;
2. The present Plumbing Sub-Code Official is removed from office since his appointment was improper and illegal since plaintiff had been and was the rightful office holder.
3. Plaintiff shall be paid all back pay retroactive to January 1, 1985 and from that date entitled to and shall be given all benefits afforded to an appointee under N.J.S.A. 52:27D-126(b) by the defendant municipality.
4. Plaintiff shall submit an Order to the Court under the Five Day Rule.
NOTES
[1] D-1 & S-1 have a date of March 2, 1984, however the testimony at trial established that plaintiff began his employment on April 2, 1984.