295 N.J. Super. 344 (1996)
685 A.2d 44
CHARLES CUTLER, PLAINTIFF-APPELLANT,
v.
BOROUGH OF WESTWOOD, MAYOR AND COUNCIL OF THE BOROUGH OF WESTWOOD, DONALD RAINEY, ADMINISTRATOR FOR THE BOROUGH OF WESTWOOD, GEORGE LUCIA, ACTING BUILDING SUBCODE OFFICIAL, CONSTRUCTION OFFICIAL AND BUILDING INSPECTOR, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 23, 1996.
Decided November 27, 1996.
*346 Before Judges KING, CONLEY and LOFTUS.
Appellant Charles Cutler argued the cause pro se.
Russell R. Huntington argued the cause for respondents.
The opinion of the court was delivered by KING, P.J.A.D.
In this case appellant Charles Cutler claims that the Law Division judge erred in denying him tenure as a construction code official of the Borough of Westwood under N.J.S.A. 52:27D-126. We find no error and affirm.
Cutler was appointed to serve a four-year term as "Construction Official/Building Sub-Code/Building Inspector" for the Borough of Westwood, a non-civil service municipality, effective March 4, 1991. The term expired on March 3, 1995. Cutler continued to perform his duties for eleven days after his term expired. There is no indication that he was working during these eleven days with the knowledge or acquiescence of the municipality. On March 14, 1995, at the first meeting following the expiration of Cutler's term, *347 the Mayor and Council of the Borough of Westwood resolved not to reappoint him for a second term. The Council desired to eliminate the position and enter into an interlocal agreement with a neighboring community.
Cutler filed a complaint in lieu of prerogative writs against the Borough of Westwood and its mayor, council, and certain officials (Westwood) on March 24, 1995. Injunctive relief was denied on March 30. Cutler urged he had earned tenure pursuant to N.J.S.A. 52:27D-126(b) and could not be "removed from office except for just cause after a fair and impartial hearing." Judge Simon heard the matter on October 6 and 12, 1995. She held that Cutler was not entitled to tenure under the statute and entered judgment in favor of Westwood.
The basic issue in this case is whether Cutler achieved tenure pursuant to N.J.S.A. 52:27D-126(b). If he did, then he could not be removed from office without a hearing. If he did not, then Westwood acted within its authority in not reappointing him. N.J.S.A. 52:27D-126(b) provides, in pertinent part:
A construction official or subcode official in a noncivil service municipality shall be appointed for a term of 4 years and shall, upon appointment to a second consecutive term or on or after the commencement of a fifth consecutive year of service, including years of service in an equivalent job title held prior to the adoption of the State Uniform Construction Code [SUCC], be granted tenure and shall not be removed from office except for just cause after a fair and impartial hearing.
The dispute in this case concerns the meaning of "on or after the commencement of a fifth consecutive year of service." There is no judicial precedent which interprets this section of the statute. Both parties assert that the meaning of the provision is clear and unambiguous.
Judge Simon accepted Westwood's position, explaining:
In short, this case revolves upon interpretation of the statute in question. This court agrees with the statutory interpretation suggested by defendant municipality in its trial brief. There is some ambiguity in the language. However, the legislative history makes it clear that the alternative language was drafted to cover those "grandfathered" in prior to SUCC and those in civil service municipalities. It might be noted that the legislature has in certain instances imposed an *348 affirmative obligation upon municipal agencies to act. For example, in a land use context, rights are conferred upon an applicant where a municipality fails to act within the statutory period. See e.g. N.J.S.A. 40:55D-76. It is logical to infer that in the statute in question there would be some specific provision alerting the municipality to the risks of inaction. This court cannot accept plaintiff's proposed interpretation which would confer tenure upon a technicality.
Westwood argues that the provision in question grants tenure in two circumstances: (1) when an official originally appointed under the SUCC is appointed to a second consecutive term, or (2) when an official who had been doing a job equivalent to a construction official or subcode official, only some period of which was under the SUCC, begins a fifth consecutive year. Cutler does not fit into either category. He was appointed under the SUCC for a four-year term and was not reappointed.[1]
Cutler argues that tenure is granted not only in the two situations posited by Westwood, but also when a SUCC construction or subcode official, though not reappointed, begins work in a fifth consecutive year. Cutler claims that Westwood had an affirmative duty to stop him from returning to work after March 3, 1995; once he reported for work after that date, he commenced a fifth consecutive year of service and was entitled to tenure under the statute. In other words, tenure was secured by default of municipal action.
"It is fundamental that `the meaning of a statute must ... be sought in the language in which the act is framed, and if that is plain ... the sole function of the courts is to enforce it *349 according to its terms.'" Russell v. Saddle Brook Restaurant Corp., 199 N.J. Super. 186, 188, 488 A.2d 1068 (App.Div. 1985), (citing Sheeran v. Nationwide Mutual Insurance Company, 80 N.J. 548, 556, 404 A.2d 625 (1979)). If the language of the statute is clear and unambiguous, there is no need to look beyond its terms to determine legislative intent. State v. Butler, 89 N.J. 220, 226, 445 A.2d 399 (1982). When the language of a statute is clear:
Our function is to ascertain the intention of the Legislature from the plain meaning of the statute and apply it to the facts. Since the statute is clear and unambiguous, it is not open to construction or interpretation and we may not indulge in any interpretation other than that called for by its express language. Furthermore, the words and phrases contained in the statute should be given their ordinary and well understood meaning.
[DeHart v. Bambrick, 177 N.J. Super. 541, 549, 427 A.2d 113 (App.Div. 1981) (citations omitted).]
While the statute might arguably be interpreted as Cutler contends, we find that his contention is not based on any clear and unambiguous meaning. From the structure of the phrase in issue, "on or after the commencement of a fifth consecutive year of service, including years of service in an equivalent job title..." we cannot tell for an absolute certainty if the Legislature was stating "on or after the commencement of a fifth consecutive year of service, whether or not it includes years of service in an equivalent job title" or "on or after the commencement of a fifth consecutive year of service, if and only if it includes years of service in an equivalent job title." Cutler argues that the former is the clear and unambiguous meaning, and Westwood argues that the latter is. This dispute in interpretation points to the inherent uncertainty in this language. If the language was truly "clear and unambiguous," the subordinate clause "including years of service" must obviously be taken as restrictive rather than illustrative. The language only clearly and unambiguously supports Cutler's reading if we ignore the subordinate clause completely.
Because the language is contextually ambiguous, it must be interpreted in keeping with the legislative intent: to "grandfatherin" officials who performed equivalent jobs prior to the enactment of the SUCC. See, e.g., State v. Sutton, 132 N.J. 471, 479, 625 A.2d *350 1132 (1993); State v. Maguire, 84 N.J. 508, 514, 423 A.2d 294 (1980). We conclude that the interpretation which Westwood urges best advances the legislative intent. If the provision is read as Cutler urges, then part of the language would serve no purpose. "[C]onstruction that will render any part of a statute inoperative, superfluous or meaningless, is to be avoided." Paper Mill Playhouse v. Millburn Township, 95 N.J. 503, 472 A.2d 517 (1984). Westwood cogently maintains that the phrase granting tenure upon appointment to a second consecutive term:
would be rendered meaningless if [Cutler's] interpretation of the statute were adopted. Had the Legislature intended for anyone commencing a fifth consecutive year of service to receive tenure, without regard to whether those consecutive years included years of service predating adoption of the SUCC, it would not have been necessary to state that tenure would be granted upon appointment to a second term of service.
More important, the phrase "or after" would be rendered utterly meaningless by Cutler's reading of the provision. If tenure under the statute is automatically acquired by everyone at the first moment of work in the fifth consecutive year, then tenure would always be acquired "on ... the commencement" of the fifth year and there would be no one left who could qualify under the alternate "or after commencement." Under the Westwood interpretation, however, the "on or after" language has meaning: those who served three years in an equivalent job before the SUCC and were then appointed to a four-year term under the SUCC would acquire tenure on the commencement of their fifth year of overall service; those who had already served in an equivalent job for six years before the SUCC became effective would acquire tenure after the commencement of their fifth consecutive year.
Westwood points to sections of the legislative history of N.J.S.A. 52:27D-126 which suggest that its interpretation of the statute is consistent with the Legislature's intent. The particular provision in dispute was added to the SUCC by amendment in 1979. Pub.L. 1979, c. 394 § 1. Regarding the 1979 amendment, the Municipal Government Committee's statement to the Assembly said:
This bill is in response to two rulings by the Department of Civil Service; a. that construction and subcode officials could not establish tenure on the basis of years of *351 experience gained prior to the enactment of the [SUCC] because that law failed to define the job titled "construction" official and "subcode" official in terms of equivalent positions which existed prior to the enactment of the law.
b. That no construction or subcode official could be included in the classified civil service because the law established a 4-year term for such positions; fixed terms are legally incompatible with classified positions.
The sponsor of this bill, who was the prime sponsor of the [SUCC], and the Department of Community Affairs hold that these rulings are contrary to the intent of the initial enactment.
It is the opinion of the sponsor, with the committee concurring, that the amendments contained in this bill are in keeping with the basic intent of the [SUCC].
We find nothing in the legislative history which could support a reading in Cutler's favor. Though not conclusive, the quoted passage from the Committee's statement strongly suggests that the need to "grandfather in" officials who performed equivalent jobs prior to the enactment of the SUCC was the impetus for the amendment which included the statutory language here in issue.
There is no reason to suppose that the Legislature intended to place an affirmative duty on municipalities to inform construction or subcode officials before the end of their terms that they would not be reappointed. Nor does such a requirement seem sensible. Cutler knew that he had been appointed for a term which expired on March 3, 1995. He also knew that he had not been reappointed as of that date. Nothing in the record indicates Westwood requested that Cutler continue to perform his duties temporarily or otherwise suggested to him that his services were required beyond his appointed term. Basically, he argues that he is entitled to tenure under the statute because he voluntarily continued to show up for work after his term had expired. Cutler asserts that, "[i]n order to function, an enforcing agency must have a construction official and subcode officials, and it is necessary that there be no doubt at any time as to whether a given individual does or does not have official authority." Cutler does not suggest, however, that Westwood was bound by the SUCC to continue his services beyond his four-year term. While it might have been unwise management for Westwood to delay action until *352 several days after Cutler's term had expired, that does not mean he was statutorily entitled to tenure.
Cutler also argues that, if the statute is interpreted as Westwood urges, a municipality could allow an official to continue working for months or years and avoid granting tenure because the official was never technically reappointed. DeStefano v. Washington Tp., 220 N.J. Super. 273, 531 A.2d 1090 (Law Div. 1987), shows that the danger Cutler foresees is illusory. Regarding temporary appointments or construction officials, N.J.A.C. 5:23-4.4(a)(6) mandates specific procedures, including written records and notice to the Department of Community Affairs. The regulation also requires that, for temporary terms longer than 60 days, "specific authority" must be "granted in writing by the department." In DeStefano, the municipality did not follow the required procedures and apparently never recorded that the appointment of a construction official was intended as temporary. The municipality retained the services of a construction official for nearly a year and then attempted to remove him. The court held that due to the failure of the municipality to make a proper temporary appointment, the construction official was entitled to serve a full four-year term. DeStefano, 220 N.J. Super. at 278, 531 A.2d 1090. In essence, the DeStefano court found that the plaintiff had a de facto four-year appointment.
The case before us is different. Nothing here indicates that Westwood failed to follow the mandated procedures or tried to circumvent the regulatory requirements. We need not decide the question of whether other situations, i.e., successive temporary appointment, official endorsement of post-term employment, or even the lapse of an extended time period during which a municipality continued to use the services of an official whose term had expired, could result in tenure under the statute or an estoppel of a municipality's right to deny tenure. In this case, the municipality did not dissemble to an extent which would support a de facto reappointment or estoppel by conduct and justify a grant of tenure.
*353 Finally, Cutler points to a letter which he asserts shows that the Department of Community Affairs (DCA) favors his interpretation of the statute. Westwood contends, apparently correctly from what we can tell, that there is no foundation for considering this letter because it was not in evidence. The letter is in reference to another situation, the exact circumstances of which are unknown to us. A Robert S. Hilzer, title unspecified, of the Bureau of Regulatory Affairs of the DCA, wrote in pertinent part on July 18, 1993 in answer to an inquiry from a Salem County official:
Please be advised that, pursuant to N.J.S.A. 52:27D-126, a person serving as a construction official or subcode official who commences his fifth consecutive year of service in a municipality shall be granted tenure and shall not be removed from office except for just cause and after a fair and impartial hearing. Since your four year appointment expired May 31, 1993 and you served beyond that date, you now have tenure as the Construction Official and building Subcode Official under the above statute.
Of course, this letter, even if properly admitted in evidence, could not be regarded as an official agency interpretation of the statute and, in any case, we are not bound to accept that interpretation. See Service Armament Co. v. Hyland, 70 N.J. 550, 362 A.2d 13 (1976). Though it lends some credence to the interpretation which Cutler urges, the arguments in favor of Westwood's interpretation are more persuasive. A reviewing court must adopt an interpretation that will "make the most consistent whole of the statute." State v. A.N.J., 98 N.J. 421, 424, 487 A.2d 324 (1985). As Judge Simon noted, it seems unlikely that the Legislature intended to "confer tenure upon a technicality."
Finally, we reject Cutler's claim of bad faith or improper motivation of Westwood as irrelevant to the issue of statutory construction. Cutler's voluntary holdover for a few days did not confer tenure under the statute. Any motive, good, bad or indifferent, to refuse reappointment is not relevant to construction of the statute.
Affirmed.
NOTES
[1] Cutler briefly posits the alternative argument that he actually achieved tenure under the statute in 1992 when he received a letter purporting to appoint him to a sixty-day term until an evaluation concerning reappointment was conducted. Westwood contends that the letter was not in evidence and, in any case, was written under the apparent misconception that Cutler was in the midst of a one-year appointment rather than a four-year appointment. In any event, Cutler's claim that the letter triggered N.J.S.A. 52:27D-126(b) is specious; an appointment to a sixty-day term within a four-year term cannot be construed to be appointment to "a second consecutive term" as required by the statute. Cutler either acquired tenure when he continued to work after his term had expired or he did not acquire it at all.