# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3656-22

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

M.K.H.,[1]

    Defendant-Respondent.

_____

        Submitted October 29, 2024 – Decided December 12, 2024

        Before Judges Sumners and Bergman.

        On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 22-06-1023.

        Raymond S. Santiago, Monmouth County Prosecutor, attorney for appellant (Alecia Woodard, Assistant Prosecutor, of counsel and on the brief).

        Bernstein and DiBendedetto, PC, attorney for respondent (Mark A. Bernstein, on the brief).

PER CURIAM

---

[1] We use initials to protect the victim. R. 1:38-3(c)(12).

The State appeals from a trial court order reversing the Monmouth County Prosecutor's Office's (MCPO) rejection of defendant into a pre-trial intervention program (PTI). After our review of the record and the applicable legal principles, we reverse and remand for further proceedings.

I.

In June 2022, defendant was charged with third-degree endangering the welfare of a child for possession of child sexual abuse material (CSAM), N.J.S.A. 2C:24-4(b)5(b)(iii). The charges were based on defendant sending two images of CSAM to another user over Snapchat, including a video of a thirteen-year-old masturbating, and possessing over eighteen images of CSAM on various applications on his electronic devices.

In August 2022, defendant appeared before the court and pled guilty to the sole count in the indictment. The State did not request defendant to be placed on Megan's Law, parole supervision for life, nor pay mandatory fines and penalties. In exchange for his guilty plea, the State recommended probation, conditioned on an Avenel evaluation, no unsupervised contact with children under the age of eighteen, and internet usage restrictions.

2

Defendant's guilty plea was accepted after defendant provided an adequate factual basis where he testified to downloading materials depicting the sexual exploitation and abuse of children between September 2021 and February 2022.

Defendant applied for admission to the Monmouth County PTI program and the PTI director approved the application, but the State rejected the defendant's admission for reasons expressed in a letter memorandum. The State's relied on the following factors of N.J.S.A. 2C:43-12e: (1) the nature of the offense; (2) the facts of the case; (3) the motivation and age of defendant; (7) the needs and interest of the victim and society; (8) the extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior; and (17) whether or not the harm done to society by abandoning criminal charges would outweigh the benefits to society from channeling an offender into a supervisory treatment program.

In addressing each of these factors, the State described the seriousness of the facts underlying defendant's criminal conduct — possessing child CSAM and actively seeking to exchange it with other application users for "shock value" and the "approval" of likeminded individuals — was "particularly disturbing," and presented a need for prosecution "to ensure deterrence from future criminal activity." N.J.S.A. 2C:43-12e(l), (2), (7), (17).

A-3656-22

The State also relied upon a prior incident with law enforcement in 2019, when defendant allegedly attempted to solicit nude pictures from his male high school classmates by posing as a female. While defendant was not criminally charged, the State argued he was "given an opportunity to rehabilitate his behavior without any further involvement of the criminal justice system." Based on these factual assertions, the State posited that defendant exhibited a pattern of anti-social behaviors under N.J.S.A. 2C:43-12e(8).

In its rejection memorandum, the State also noted defendant's age, that defendant dropped out of high school due to "bullying" in 2019 because of the response of other students to his attempt to solicit the nude pictures. The State also acknowledged defendant took special education classes while in school and had reported suffering physical abuse at the hands of his father. The State noted positive factors in defendant's application, such as his obtainment of a GED, being a full-time college student, temporary employment when not in school, and his lack of a criminal history. The State recognized defendant voluntarily sought treatment for depression, anxiety, and migraines, and that "he [was] respectful, courteous, and honest to the PTI investigator." The State further found "defendant expressed remorse to the PTI investigator and expressed a willingness to comply with PTI." However, the State found these positive

4

factors were outweighed by the negative factors which support prosecution. Defendant appealed the State's rejection to the Law Division.

The trial court heard argument on defendant's appeal and issued a written opinion and order granting the appeal, reversing the prosecutor's rejection and admitting defendant into PTI.

In its opinion, the court initially found the arguments of both parties were "difficult to follow" and that "no dates were provided as to when the images were sent or . . . defendant's age when they were sent." The court found the State "did not consider all relevant factors and the decision rejecting defendant from PTI represented a clear error in judgment." The court further found the State's reliance on the 2019 incident to establish a pattern of anti-social behavior under factor N.J.S.A. 2C:43-12(e)(8) was erroneous because defendant did not actually admit guilt, but instead just "took the blame" to "get it over with." The court noted that there were other individuals suspected of soliciting nude photos also, and defendant, then a juvenile, was ultimately not criminally charged. Relying on State v. K.S., 220 N.J. 195 (2015), the court found even if the 2019 incident could properly be considered, the State had "exaggerate[d] the nature and severity of the allegation," because defendant's conduct, asking other juvenile males for nude photographs, was merely him "exploring his sexuality."

A-3656-22

The court further found the State had discounted defendant's young age of nineteen and that he dropped out of school for bullying; the children depicted in the CSAM images were in the twenty year old peer group of defendant; that defendant had self-reported childhood sexual and physical abuse to the PTI investigator; defendant had a special education status years earlier in high school; and he had blamed his viewing of CSAM on his isolation due to the COVID-19 pandemic.

The court also found it "illogical" for the State to consider defendant a threat to society considering these positive factors. The court also found the State's error in judgment subverted the goals of PTI adding the error was a patent and gross abuse of discretion because defendant had remained arrest-free during the pendency of his criminal prosecution and had taken measures to rehabilitate himself following his arrest.

## II.

"PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Gomes, 253 N.J. 6, 16 (2023) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). "[T]he primary purpose of PTI has been 'to assist in the rehabilitation of worthy defendants, and, in the

process, to spare them the rigors of the criminal justice system.'" Id. at 17 (quoting State v. Watkins, 193 N.J. 507, 513 (2008)). "PTI eligibility has been broadly defined, subject to specified exclusions, to 'include[] all defendants who demonstrate the will to effect necessary behavioral change such that society can have confidence that they will not engage in future criminality.'" Ibid. (quoting Watkins, 193 N.J. at 513). The State "may consider a wide array of factors when determining whether to recommend someone for PTI," including "'[t]he nature of the offense,' the motivations of the defendant, the desires of the victim or complainant with respect to prosecution, the social harm perpetrated by the defendant, and '[t]he extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior.'" Ibid. (quoting N.J.S.A. 2C:43-12(e)).

"[W]hether to admit a particular defendant into PTI has been treated as a fundamental prosecutorial function." Id. at 18. Accordingly, courts afford prosecutors "broad discretion" in determining whether a defendant should be diverted into PTI, "[f]irst, because it is the fundamental responsibility of the prosecutor to decide whom to prosecute, and second, because it is a primary purpose of PTI to augment, not diminish, a prosecutor's options." State v. Chen,

465 N.J. Super. 274, 284 (App. Div. 2020) (first quoting State v. K.S., 220 N.J. 190, 199 (2015); and then quoting Nwobu, 139 N.J. at 246).

Given that broad discretion, "our review of a prosecutor's denial of a PTI application is 'severely limited.'" State v. E.R., 471 N.J. Super. 234, 244-45 (App. Div. 2022) (quoting State v. Negran, 178 N.J. 73, 82 (2003)). "Judicial review of a prosecutor's decision about PTI admission is 'available to check only the most egregious examples of injustice and unfairness.'" Gomes, 253 N.J. at 18 (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)).

"[T]o overturn a prosecutor's decision to exclude a defendant from the program the defendant must 'clearly and convincingly' show that the decision was a 'patent and gross abuse of . . . discretion.'" K.S., 220 N.J. at 200 (quoting State v. Wallace, 146 N.J. 576, 582 (1996)).

> Ordinarily, an abuse of discretion will be manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment. In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention.
>
> [State v. Johnson, 238 N.J. 119, 129 (2019)]

In State v. Mickens, we succinctly described the task at hand:

8

> [T]he appellate court must distinguish between prosecutorial abuse consisting of the failure to consider all relevant factors specific to the individual candidate and prosecutorial abuse represented by a judgment reached after a full consideration. In the first instance, it is the obligation of the reviewing court to remand to the prosecutor for reconsideration. In the second instance, the reviewing court is free to conclude that the abuse "arises from a clear error of judgment," and, if it does so, it "may order that a defendant be admitted into the program."
>
> [State v. Mickens, 236 N.J. Super. 272, 277-278 (App. Div. 1989) (quoting State v. DeMarco, 107 N.J. 562, 567 (1987)).]

However, when a defendant has not met this high standard, but nonetheless has demonstrated an abuse of discretion, a remand is appropriate as noted by the court in K.S.:

> When a reviewing court determines that the "prosecutor's decision was arbitrary, irrational, or otherwise an abuse of discretion, but not a patent and gross abuse of discretion," the reviewing court may remand to the prosecutor for further consideration. Remand is the proper remedy when, for example, the prosecutor considers inappropriate factors or fails to consider relevant factors.
>
> [K.S., 220 N.J. at 200 (quoting State v. Dalglish, 86 N.J. 503, 509 (1981)).]

Because "[i]ssues concerning the propriety of the prosecutor's consideration of a particular [PTI] factor are akin to 'questions of law,'" we

9

review those legal determinations de novo.  E.R., 471 N.J. Super. at 245 (quoting State v. Denman, 449 N.J. Super. 369, 376 (App. Div. 2017) (alterations in the original)).

## III.

Initially, we conclude the court's determination that the State was not permitted to rely upon information from the prior juvenile investigation of defendant was not an abuse of discretion since the use of this information is clearly barred pursuant to our Court's holding is K.S.

K.S. stated in pertinent part:

> For the prior dismissed charges to be considered properly by a prosecutor in connection with an application, the reason for consideration must be supported by undisputed facts of record or facts found at a hearing.  Neither are present here.
>
> Accordingly, we hold that when no such undisputed facts exist or findings are made, prior dismissed charges may not be considered for any purpose.  Thus, we reject the declaration in Brooks that "[a]nalogiz[ed] a prosecutor's function . . . to that of a sentencing court," and allowed for consideration of a defendant's prior dismissed charges to infer the defendant was not deterred from his prior arrests.
>
> [K.S., 220 N.J. at 199]

As a result of the investigation, defendant was never charged with a crime, which we conclude weighs even heavier against its consideration as compared to the charge dismissed in K.S.

We part ways with the trial court concerning its reversal of the State's decision to reject defendant's application for PTI and its order summarily admitting defendant into the PTI program. We conclude a remand to the prosecutor for an opportunity to reconsider and resubmit the reasons for its rejection of defendant, excluding any evidence obtained from the prior investigation when defendant was a juvenile and no charges were filed, is warranted under these circumstances.

The court, in reversing the State's rejection of defendant, found the State did not consider "all relevant factors." Further, the court found the State had not conducted an individualized assessment of defendant based on the facts of the case and it relied on the "blanket assertion that possession of CSAM is a serious offense." Because the court found the State failed to consider all relevant factors, we remand the matter for the State to reconsider and resubmit the reasons supporting its decision denying defendant's application for PTI. Mickens, 220 N.J. Super. 277-278.

We conclude the court's determination that the State's reasons for rejection was a patent and gross abuse of discretion without first remanding the matter to the State to reconsider and resubmit its reasons for rejection was a misapplication of its discretion. See K.S., 220 N.J. at 200.

On remand, the court should take into consideration established legal principles which require the State's reasons for rejecting defendant's PTI application must be afforded "broad discretion" which can only be overcome by defendant satisfying his enhanced burden to clearly and convincingly demonstrate the State's decision was a patent and gross abuse of discretion. See Id. We further posit our Court has held a clear error of judgment is one that "could not have reasonably been made upon a weighing of the relevant factors [and reviewing courts should] avoid the substitution of [its] judgment for the judgment of the [prosecutor, who is] responsible for the function involved." See Nwobu, 139 N.J. at 254.

Reversed and remanded for further proceedings consistent with this opinion. Remand should be completed within ninety-days of this decision. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3656-22